1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW M.,

                 Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

Case No. C21-5749-SKV

ORDER REVERSING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1979, has two years of college education, and has worked as a customer service representative, pizza deliverer, security guard, and courier.  AR 294, 1000, 1037.  Plaintiff was last gainfully employed in 2018.  AR 1000.

In September 2016, Plaintiff applied for benefits, alleging disability as of May 11, 2015,

with a date last insured (DLI) of December 31, 2015.[1]  AR 272-73.  Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 204-10, 212-20.  After the ALJ conducted a hearing in April 2018 (AR 68-105), the ALJ issued a decision finding Plaintiff not disabled.  AR 10-28.

The Appeals Council denied Plaintiff's request for review (AR 1-6), but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further proceedings.  AR 1085-97.  The ALJ held another hearing on remand in May 2021 (AR 1022-44), and subsequently issued a decision finding Plaintiff not disabled.  AR 997-1015.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**:  Plaintiff worked since the alleged onset date, but this work did not constitute substantial gainful activity.

**Step two**:  Plaintiff has the following severe impairments: degenerative disc disease, gastrointestinal reflux disease, hypertension, obesity, affective disorder, and anxiety disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity**:  Plaintiff can perform sedentary work, with additional limitations: he can lift/carry up to 10 pounds occasionally.  He can stand/walk for approximately two hours and sit for approximately six hours in an eight-hour workday, with normal breaks.  He can occasionally climb ramps and stairs, and never climb ladders, ropes, or scaffolds.  He can occasionally balance, stoop, kneel, and crawl.  He can frequently crouch.  He must avoid concentrated exposure to excessive vibration and workplace hazards such as working with dangerous machinery and working at unprotected heights.  He can perform simple, routine tasks in a routine work environment with simple work-related decisions.  He can have superficial interaction with co-workers, so his work cannot require teamwork, teamwork problem solving, or supervising other employees.  He can have only incidental interaction with the public.

---

[1] Plaintiff had also previously applied for benefits, and received two administratively final ALJ decisions denying benefits in January 2012 and March 2015.  *See* AR 997.
[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, App. 1.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 997-1015.

Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

1

**DISCUSSION**

2          Plaintiff argues the ALJ erred in discounting his testimony and certain medical opinion

3   evidence.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported

4   by substantial evidence, and should be affirmed.

5          **A.      The ALJ Erred in Discounting Plaintiff's Testimony**

6          The ALJ summarized Plaintiff's testimony and discounted it because (1) Plaintiff's

7   physical allegations were not corroborated by objective evidence; (2) Plaintiff reported

8   improvement with treatment; (3) Plaintiff's exercise regimen is inconsistent with his alleged

9   limitations; (4) the record does not contain a prescription for Plaintiff's cane nor a description of

10  when it is needed; and (5) to providers, Plaintiff denied experiencing the mental symptoms that

11  he now claims are disabling, and providers also documented many normal mental findings

12  throughout the record.  AR 1004-08.  Absent evidence of malingering, an ALJ must provide

13  clear and convincing reasons to discount a claimant's testimony.  *See Burrell v. Colvin*, 775 F.3d

14  1133, 1136-37 (9th Cir. 2014).

15         Plaintiff raises several challenges to the ALJ's reasoning.  Plaintiff argues that the ALJ's

16  first reason – lack of corroboration – is not alone sufficient to support the ALJ's assessment of

17  his testimony, and the Court agrees.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)

18  ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully

19  corroborated by objective medical evidence, the medical evidence is still a relevant factor in

20  determining the severity of the claimant's pain and its disabling effects.").  None of the normal

21  findings cited by the ALJ nor Plaintiff's "largely benign presentation" at appointments directly

22  contradicts Plaintiff's allegations, and mere lack of corroboration is not sufficient to solely

23  support the ALJ's assessment.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

1    The ALJ's other reasons are deficient as well.  Plaintiff argues that the ALJ erred in

2 finding that his allegations were undermined by evidence of improvement because the record

3 showed that Plaintiff reported significant pain even with medication.  Dkt. 13 at 1.  The ALJ

4 cited examples of Plaintiff reporting that he was either "doing well" or "doing fine" or

5 experiencing improvement with medication.  *See* AR 1005 (citing AR 430, 435, 451).  The ALJ

6 fails to acknowledge that in each of the treatment notes cited by the ALJ, Plaintiff reported that

7 he continued to experience significant pain.  *See* AR 430 (Plaintiff rates his pain as 7-9/10), 435

8 (Plaintiff rates his pain as 7-8/10), 451 (Plaintiff's medications provide 30-40% relief).  The ALJ

9 did not account for the full context of the treatment record when finding that evidence of

10 Plaintiff's improvement with medication contradicts his testimony of continued pain, and the

11 Court thus agrees with Plaintiff that this line of reasoning is erroneous.

12    Next, Plaintiff argues that the ALJ erred in finding his exercise regimen to be inconsistent

13 with his physical and mental allegations because the ALJ did not explain how those activities

14 were inconsistent with his allegations.  The ALJ summarized Plaintiff's exercise routine at the

15 gym and found that it demonstrates that he "retains greater capacity to perform work" and be

16 around other people than he alleged.  AR 1005-06.  Plaintiff indeed retained the ability to engage

17 in water aerobics and weight training programs at a gym, but these activities are not comparable

18 to work.  Although Plaintiff did report that his pain can make him irritable with others (AR 315),

19 participating in a water aerobics or weight training program at a gym does not necessarily

20 contradict such a report.  Because the exercise activities cited by the ALJ do not contradict

21 Plaintiff's testimony nor demonstrate the existence of transferable work skills, the ALJ erred in

22 relying on these activities as a reason to discount Plaintiff's testimony.  *See Orn v. Astrue*, 495

23

1   F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the
2   claimant's testimony or (2) "meet the threshold for transferable work skills").

3        The ALJ also found that although Plaintiff used a cane for ambulation, its medical
4   necessity was not established because there is no cane prescription in the record nor any findings
5   regarding the circumstances under which Plaintiff needs to use a cane.  AR 1006.  The ALJ also
6   acknowledged, however, that Plaintiff's providers described his use of a cane in many treatment
7   notes (AR 1005-06), which suggests that they did not dispute Plaintiff's need for or use of a
8   cane.  The Commissioner does not defend this line of reasoning, but contends that it is harmless
9   error because the ALJ limited Plaintiff to sedentary work, which would not conflict with
10  Plaintiff's use of a cane.  Dkt. 12 at 4.  In light of the Commissioner's implied concession of
11  error, the Court finds that the ALJ's cane-related reason is not clear and convincing.

12       For all of these reasons, the Court finds that the ALJ failed to provide clear and
13  convincing reasons to discount Plaintiff's physical allegations.

14       The ALJ also erred in finding that the record contradicted Plaintiff's mental allegations.
15  The ALJ cited various treatment notes wherein Plaintiff denied mental limitations, but, as noted
16  by Plaintiff, the ALJ's citations primarily pertain to non-mental health treatment notes, where
17  Plaintiff was not seeking care for his mental health.  *See* AR 1006-08 (citing treatment records
18  from Plaintiff's pain clinic).  The ALJ did cite normal findings as to speech and eye contact,
19  thought process, dress and hygiene, and the lack of psychosis in three mental health treatment
20  notes, but these findings do not contradict Plaintiff's alleged mental limitations.  *See* AR 1007-08
21  (citing AR 502, 506, 514).  Furthermore, the mental health treatment notes the ALJ cited
22  reference some limitations and abnormal findings, which the ALJ did not acknowledge, and thus
23

1    the ALJ appears to have cherry-picked the normal findings out of treatment notes that would

2    otherwise corroborate Plaintiff's allegations.  *See id.*

3            Furthermore, the ALJ cited a 2015 psychological opinion report as failing to corroborate

4    Plaintiff's allegations, but again relied only the normal parts of the report, which do not pertain

5    to the social and persistence limitations Plaintiff alleged.  *See* AR 1008 (referencing normal

6    findings as to Plaintiff's presenting as alert, oriented, and cooperative, with intact memory and

7    fair abstract thought and fund of knowledge).  The ALJ acknowledged that this opinion report

8    also documented Plaintiff's slowed speech, dysphoric and anxious mood, restricted affect, and

9    slowed thought process, and did not explain why these findings did not sufficiently corroborate

10   Plaintiff's allegations.  *Id.*

11           For all of these reasons, the Court finds that the ALJ erred in discounting Plaintiff's

12   testimony.

13   **B.      The ALJ Did Not Err in Discounting Medical Opinion Evidence**

14           Plaintiff argues that the ALJ erred in assessing opinions written by examining

15   psychologist Dan Neims, Psy.D., and treating physician Hector Reyes, M.D.  The Court will

16   consider each disputed opinion in turn.

17           *1.      Legal Standards*[4]

18           Where not contradicted by another doctor, a treating or examining doctor's opinion may

19   be rejected only for "'clear and convincing'" reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

20   1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a

21   treating or examining doctor's opinion may not be rejected without "'specific and legitimate

22

23           [4] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20
     C.F.R. § 404.1527 apply to the ALJ's consideration of medical opinions.

1    reasons' supported by substantial evidence in the record for so doing."  *Id.* at 830-31 (quoting

2    *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

3              2.     *Dr. Neims*

4         Dr. Neims examined Plaintiff in July 2015 and completed a DSHS form opinion as well

5    as a narrative report describing Plaintiff's symptoms and limitations.  AR 359-76.  Dr. Neims

6    opined, *inter alia*, that Plaintiff had marked limitations in his ability to communicate and perform

7    effectively, complete a normal workday/workweek, and maintain appropriate work behavior.

8    AR 361.

9         The ALJ discounted Dr. Neims' opinion because he did not have the opportunity to

10   review Plaintiff's full record, but only had access to two opinions predating the adjudicated

11   period and pertaining to a time when Plaintiff had been found not disabled in an administratively

12   final ALJ decision.  AR 1010.  The ALJ found that the marked limitations indicated by Dr.

13   Neims were inconsistent with: (1) the treatment notes from the adjudicated period, where

14   Plaintiff demonstrated appropriate behavior and described engaging in activities (namely

15   exercise) that suggest he could maintain a schedule and behave appropriately in public; and (2)

16   Dr. Neims himself noted mostly normal mental status examination findings.  AR 1011-12.

17        The ALJ's reasons for discounting Dr. Neims' opinion are specific and legitimate.  The

18   ALJ cited longitudinal evidence reasonably inconsistent with the limitations Dr. Neims

19   identified, and Dr. Neims's own objective findings do not necessarily support those limitations.

20   The ALJ did not err in discounting Dr. Neims' opinion for these reasons.  *See Tommasetti v.*

21   *Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting

22   inconsistencies between the opinion and the medical record); *Thomas*, 278 F.3d at 957 ("The

23   ALJ need not accept the opinion of any physician, including a treating physician, if that opinion

ORDER REVERSING THE COMMISSIONER'S
DECISION - 8

is brief, conclusory, and inadequately supported by clinical findings."); *Rollins,* 261 F.3d at 856 (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

### 3. Dr. Reyes

Dr. Reyes completed two form opinions describing Plaintiff's limitations, in 2016 and 2018. AR 942-43, 952-58. The ALJ gave some weight to Dr. Reyes' 2016 opinion that Plaintiff would not need to lie down during the day, that working is unlikely to cause deterioration in Plaintiff's condition, and that it is unlikely that Plaintiff's physical impairments would cause him to be absent from work. AR 1010. The ALJ found that these conclusions were consistent with Plaintiff's normal mental and physical findings, and also reflected Dr. Reyes' observation that Plaintiff's medication was effective in "controlling his pain affording quality-of-life in [activities of daily living]." AR 1010 (quoting AR 954). The ALJ gave minimal weight to Dr. Reyes' 2018 opinion because, *inter alia*, it was rendered years after the DLI and suggested increasing limitations since the 2016 opinion, and Plaintiff testified that his condition worsened since his DLI in 2015. AR 1012.

Plaintiff argues that the ALJ erred in crediting Dr. Reyes' 2016 opinion and discounting the 2018 opinion. Plaintiff cannot show harmful error resulting from the ALJ's crediting of Dr. Reyes' 2016 opinion, however. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one). Moreover, that Plaintiff would interpret the record to be inconsistent with Dr. Reyes' 2016 opinion does not establish that the ALJ's interpretation was unreasonable.

Plaintiff argues that the ALJ erred in discounting Dr. Reyes' 2018 opinion based on its timing, but this argument is not persuasive. Dr. Reyes' 2018 opinion was written more than two

ORDER REVERSING THE COMMISSIONER'S
DECISION - 9

1   years after Plaintiff's DLI and described more severe limitations than in the 2016 opinion, which

2   seems to reflect Plaintiff's worsening condition since the DLI.  *See* AR 1012.  The ALJ noted

3   that Dr. Reyes' 2016 opinion was "fairly close in time" to Plaintiff's DLI (AR 1010), and on that

4   basis the ALJ reasonably found the 2016 opinion more probative as to Plaintiff's functioning

5   during the adjudicated period than the 2018 opinion.  *See*, *e.g.*, *Weetman v. Sullivan*, 877 F.2d

6   20, 22 (9th Cir. 1989) (finding no error in an ALJ's focus on evidence dating to the adjudicated

7   period because "'any deterioration in [plaintiff's] condition subsequent to [the period of

8   eligibility] is, of course, irrelevant'" (quoting *Waters v. Gardner*, 452 F.2d 855, 858 (9th Cir.

9   1971))).

10              **C.     A Remand for Further Proceedings is Appropriate**

11          The Court has discretion to remand for further proceedings or a finding of disability.  *See*

12   *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  However, a remand for an immediate

13   award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'"  *Brown-*

14   *Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec.*

15   *Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).  *Accord Leon v. Berryhill*, 880 F.3d 1044, 1045

16   (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and

17   prophylactic exception to the well-established ordinary remand rule.").

18          Plaintiff argues that a remand for a finding of disability is appropriate, but he has not

19   shown that the record is free of conflicts such that further administrative proceedings would not

20   be useful.  For example, the ALJ properly credited Dr. Reyes' 2016 opinion (AR 952-58), which

21   does not identify any disabling limitations and thus creates a conflict in the record as to the

22   extent of Plaintiff's ability to perform work.  Under these circumstances, the Court finds that a

23   remand for further proceedings is appropriate.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495

ORDER REVERSING THE COMMISSIONER'S
DECISION - 10

(9th Cir. 2015) (explaining that in determining the appropriate remedy for an ALJ's errors, the court should consider whether the record contains conflicts that must be resolved before a finding of disability can be entered).

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony.

Dated this 6th day of April, 2022.


S. KATE VAUGHAN
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S
DECISION - 11